982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Van JOHNSON, Appellant,
v.
Paul K. DELO; Larry Scott; James Stubblefield; Fred
Johnson, Appellees.
 No. 92-2155.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 10, 1992.
Filed: December 17, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Van Johnson, a Missouri inmate, appeals from the district court's[1] grant of summary judgment to defendants in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 In July 1989, while incarcerated in the Special Management Facility Unit (SMFU) of the Missouri State Penitentiary (MSP) (now known as the Jefferson City Correctional Center), Johnson fought with one inmate and assaulted another inmate with a shank. SMFU is the equivalent of administrative segregation. In light of Johnson's violent behavior, prison officials transferred him to Potosi Correctional Center (Potosi). Upon his arrival at Potosi,
 
 
 3
 Johnson was placed in administrative segregation. Two days later, prison officials conducted a classification hearing and determined that Johnson should remain in administrative segregation indefinitely.
 
 
 4
 In May 1991, Johnson brought this action against Paul K. Delo, the superintendent at Potosi; Larry Scott, the functional unit manager at Potosi; and James Stubblefield and Fred Johnson, caseworkers at Potosi. Johnson claimed that his due process rights had been violated when defendants: placed him in administrative segregation at Potosi when he did not violate any rules or regulations at that facility; failed to provide him with notice of the reasons for this placement; did not give him advance notice of the classification hearing; did not allow him to call witnesses, present evidence, or offer a defense at the hearing; improperly placed him in administrative segregation based upon past misconduct; and violated Mo. Rev. Stat. § 217.375 (1986) (current version at Mo. Rev. Stat. § 217.375 (Supp. 1991)). Johnson sought the initiation of criminal proceedings against defendants, injunctive relief, and damages.
 
 
 5
 We conclude that the district court correctly granted summary judgment to defendants. The version of subsection 217.375.2 in effect in 1989 provided that
 
 
 6
 When it is determined by the chief administrative officer of an institution that an inmate is an immediate security risk, or an inmate is violent, struggling and creating sufficient disturbance to indicate he is not in control of himself, or an inmate is physically violent, or an inmate is in urgent need to be separated from others for his own safety or that of others, the chief administrative officer of the institution may transfer the inmate to an administrative segregation unit which shall be situated so that the segregation of such inmates from the other inmates of the institution shall be in all respects complete. A hearing shall be held concerning the incident within seventy-two hours.
 
 
 7
 Mo. Rev. Stat. § 217.375.2 (1986). Johnson was being held in administrative segregation at MSP at the time of his transfer, and we note that he does not dispute the propriety of that confinement. Defendants immediately placed Johnson in administrative segregation upon his arrival at Potosi. We conclude that defendants' mere transfer of Johnson from one administrative segregation unit to another (albeit at another institution) did not violate due process. Cf. Sanders v. Woodruff, 908 F.2d 310, 314 (8th Cir.) (change in housing from less restrictive to more restrictive environment within administrative segregation at MSP did not violate inmate's due process rights), cert. denied, 111 S. Ct. 525 (1990). We note that Johnson's violent behavior at MSP in the previous month amply supported the decision to place and keep him in administrative segregation for a reasonable period. We also conclude that Johnson received all of the due process to which he was entitled at the classification hearing; Johnson was not entitled to the same procedural safeguards that are required at disciplinary hearings. See Hewitt v. Helms, 459 U.S. 460, 472 (1983) (inmate placed in administrative segregation entitled only to informal, nonadversary hearing within reasonable time).
 
 
 8
 We reject Johnson's argument that the district court erred in not permitting him to make full discovery prior to granting summary judgment to defendants; Johnson has not demonstrated, and we do not see, how additional discovery would have aided the presentation of his claims. We reject Johnson's remaining arguments as meritless.
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Clyde S. Cahill, Senior United States District Judge for the Eastern District of Missouri